UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERVARUS L. GARY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-349-JD-JEM |
| ELKHART COUNTY WORK RELEASE, BOARD OF DIRECTORS, HELFAN, and KAREN CHANHLER, | |
| Defendants. | |

OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gary filed this complaint, alleging a due process violation during a hearing for a write up he received at the Elkhart County Work Release Center. State court records show that Gary was placed in the Work Release Center as part of his criminal sentence after his probation was revoked in *State v. Gary*, No. 20D01-2212-F6-001582 (Elkhart Super. Ct. decided July 24, 2023) (Amended Sentence of Jan. 24, 2024), and in *State v.*

*Gary*, No. 20D01-2304-CM-000732 (Elkhart Super. Ct. decided July 24, 2023) (Amended Sentence of Jan. 24, 2024). Gary attaches to his complaint a Major Conduct Report for a charge of B-200 Habitual Conduct Rule Violator for events that occurred on March 25, 2024. ECF 1-1 at 3. He alleges that he was written up because he took cards off the bed of another resident, but doing so was not a rule violation, he says, because he had permission to use the cards. He contends he asked to call that resident as a witness at the hearing, and he had a letter from that resident, stating that he had given Gary permission to use his cards. Gary alleges that the hearing was held without him being present and without the decisionmakers speaking to his witness. The consequence of the hearing is unclear. In one place, he alleges that he was sanctioned to serve his given time; in another place, he alleges that he was sanctioned by being confined to the building.

This case cannot proceed until Gary provides more information about the sanction he received following the hearing. He claims that his due process rights were violated, but the validity of such a due process claim depends on what was at stake at the hearing. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (precluding claims under 42 U.S.C. § 1983 that would necessarily imply the invalidity of an intact conviction or sentence); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (due process is required only when punishment extends the duration of confinement or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). As it stands, Gary has not plausibly alleged that he was sanctioned with a consequence that can be challenged in an action under 42 U.S.C. § 1983.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Therefore, Gary will be given the chance to file an amended complaint more fully describing the alleged violation, the hearing, and the sanction imposed. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him for his convenience and which is also available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Tervarus L. Gary;

(2) GRANTS Tervarus L. Gary until **September 24, 2024**, to file an amended complaint; and

(3) CAUTIONS Tervarus L. Gary if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 20, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3